No. 65

LIVINGSTONE v. MOLDAVER

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5328. Decided Nov. 17, 1924.

LEVINE, J.

Epitomized Opinion

Published only in Ohio Law Abstract

Livingstone executed to Moldaver a note and mortgage. Moldaver as assignee filed suit in an action for money only on the note; in the Cuyahoga Common Pleas and took judgment on the note without paying for forclosure of the mortgage. Moldaver's demurrer to a petition of Livingstone was sustained. The note was cancelled by the Common Pleas Court and is no longer an existing obligation.

Livingstone brings the case to the Appeals bench asking for cancellation of the mortgage on the theory that Moldaver electing to sue on the note, thereby waived the mortgage security.

The Court of Appeals held that inasmuch as:

1. The Code does not require two remedies to be demanded in the same action, but permits an action on a note to be joined with an action to foreclose a mortgage.

2. The two actionns are essentially different, one exhausting mortgage security, and the

other affording a personal remedy, Spence v. Insurance Co. 40 OS. 520.

The Common Pleas will be affirmed in sustaining the demurrer and entering judgment as they did.

Attorneys—Turney and Sipe for Livingstone; Jos. Moldaver for Moldaver, all of Cleveland.

---

No. 66

FLYNN v. ADAMS

Ohio Appeals. 9th. District Lorain Co.

No. 312. Decided Nov. 15, 1924.

225 CHARGE TO JURY—Special request properly stating law must be given unless covered by other requests.

1227. WORDS AND PHRASES—"Accidental origin" referring to cause of fire on adjoining property, without explanation held to mean "not by defendant's negligence."

FUNK, P. J.

Epitomized Opinion

Published only in Ohio Law Abstract

Adams brought an action against Flynn to recover damages caused by fire, which originated in Flynn's building and was communicated to the plaintiff, the claim being that the fire was caused by the negligence of the defendant by one of his employes taking two or three five gallon cans of high test gasoline into the building of defendant and placing them near a stove. At the close of the trial the Court refused to give a special request of the defendant, which read: "The plaintiff in this action is not, under the law, entitled to recover if you find from the evidence that the fire which damaged his property was of a purely accidental origin." The jury returned a verdict for plaintiff, whereupon defendant prosecuted error. In reversing the judgment, the Court of Appeals held:—

1. While the term "accidental origin" is not defined, yet the jury is presumed to know the meaning of common words and the term as meaning "not by the defendant's negligence."

2. Upon a written request to charge before argument, if the request correctly states the law and is pertinent to one or more of the issues of the case and the same subject has not been covered by other charges before argument, it is error to refuse to give such charge even though the language of the charge is not the exact language the Court would have selected.

3. As the charge in question correctly stated the law, it is prejudicial error for the Court to refuse to give the same.

Attorneys—R. F. Vandemark, Elyria, for Flynn; R. L. Walden, Wellington, for Adams.